Good morning counsel. Good morning. I'm just gonna get set up. May it please the court, my name is Laura Barrera and I represent the petitioner appellant Jason Patterson. I'd like to reserve three minutes for rebuttal. This case involves two claims of ineffective assistance of counsel. I plan to address both beginning with the one concerning judicial bias. Mr. Patterson's judge crossed the line. Her comments at sentencing were hostile and deeply antagonistic and they showed that she had a negative predisposition against Mr. Patterson and had prejudged this case because of her extreme feelings about arson. She multiple times said that Mr. Patterson had no soul, he had no conscience, she said he showed no remorse. She also made very inappropriate comments equating arson to murder. She said why isn't this attempted murder? She said in her view arson should be up there with murder. She also said that arson involves extremely dangerous and unusual people and so that was not just about Mr. Patterson's case but that was her feelings about arson generally and as a result she also said that Mr. Patterson was the most dangerous of the dangerous and shouldn't be out among society. So all of those comments were you know no doubt harsh but they appear to have, from my review of the transcript, appear to be based on the judge's view of the offender and his offense and the conduct for which he was being sentenced all drawn from you know the facts of the case and her views about the law. So you know maybe some of it was wrong as a matter of state law, maybe some of it was inappropriate but why is it evidence of bias? So I think it's evidence of bias because well for two reasons. In Lydicke the Supreme Court said that comments made during a proceeding will show bias when they show such a deep-seated antagonism as to make fair judgment impossible. But it doesn't have to be an antagonism from some non-record extrajudicial source. I mean the techie explicitly says you know the judge who's sentencing someone and has just you know sat through the trial and concluded that he you know committed some heinous crime you know may well feel antagonism towards the defendant but if it's if it's based on you know the evidence that the judge has seen that that's not bias right? I would say that here first I just would like to clarify my reading of Lydicke. The court says that opinions deriving from an extra extrajudicial source may be indicative of bias but that comments hostile and antagonistic comments that reveal such a high degree of favoritism or antagonism will be indicative of bias when they show that the judge is unable to be impartial and that is what we have here. And again I don't think they're supported the reason that they're indicative of bias is because they don't appear to be supported by the evidence in this case when you look at the mitigation and you look at the aggravating factors. Also in Lydicke the court said that expressions of impatience or dissatisfaction or annoyance things like that that are you know even a judge may sometimes lose their patience with a defendant those are not indicative of bias but that is not what we have here. Mr. Patterson was extremely respectful and polite and behaved appropriately during his hearing. So these comments were about the judge's predisposition against arson and we know that because of what she tells us that she thinks arson should be up there with murder. That's her opinion about arson and that's overriding you know the Nevada legislature has said that first-degree arson is a category B felony. So I mean I don't claim a lot of familiarity with Nevada sentencing but having seen a lot of transcripts of federal sentencings you know it is not uncommon in drug trafficking cases for the judge to say something about you know the harm that drug trafficking causes to the community and the fact that it often results in people dying and that you know drug trafficking is in some moral sense equivalent to murder in some cases. Do you think all of those district judges are exhibiting bias when they say those kinds of things? I think if they're sentence if they're not considering the individualized factors for that defendant and instead are only weighing their views about you know if they are saying that they think that drug trafficking should be up there with murder you know we still need to look at the mitigating factors of the particular defendant and here there were mitigating factors that the court did not really weigh because of her predisposition. The Supreme Court said in Graham versus Florida that there is a line between homicide and even very serious non-homicide crimes both in terms of the moral depravity and the harm to the public and the individual because you know in anything but a homicide crime usually the victim will recover and things can be rebuilt and in fact here the victims and I you know I do believe that they spoke very powerfully and that they were you know experienced a lot of trauma from this crime but they even said we will rebuild this and so it's it's not reasonable to say that this should be up there with murder especially considering that fortunately nobody was physically hurt in this crime and also I think we need to look at the fact that the judge was making very generalized comments she said in her that she believes arson involves the most dangerous of the danger or extremely dangerous people and is an extremely unusual crime and then she was talking about other arson cases she's seen to support that position that have nothing to do with Mr. Patterson's crime and she even says that one of those she only has had two other arson cases and one of them involved a serial murderer and so she's bringing that perspective her predisposition against him because of the arson conviction and she's it's causing her to ignore the mitigation in this case and the Supreme Court and this court as well have held it in modern jurisprudence the sentence should fit not just the crime but also the individual defendant and I think this also gets at your question which is that there was mitigation here Mr. Patterson was 22 years old he had one prior felony for escape he didn't have any violent prior criminal record he had a substance abuse issue and he you know the judge said that he showed no remorse and had no conscience but he apologized at length to the victim so he did show remorse and those comments were the judge doesn't have to believe that that is genuine right I mean I mean I guess the you know there are you have enumerated all the factors that the judge should consider and sentencing you know and then you know in the I assume Nevada is you know similar to the federal system where you know 3553 sets out the the characteristics of the defender and the seriousness of the offense and the judge here thought that some of those weighed more heavily than the ones that you you think should have been given more weight but if this seems like what you're doing is just sort of repackaging a challenge to how the judge weighed the different factors as a claim of bias so why I mean what is there that makes this more than just a challenge to the reasonableness of the sentence I think that it is really important to look at again the generalized comments she made about arson involves extremely dangerous and unusual people and that's not a comment about mr. Patterson that's her feelings about arson generally as well as her thoughts that arson should be up there with murder this case in which it the arson involved was the burning of a home fits squarely within the definition or the description of first-degree arson which includes burning a dwelling or a home whether occupied or not so what she did though is that she because of her disposition against arson she used that to max mr. Patterson out not only on the arson crime but to basically punish him as though he was convicted of murder and give him a sentence of 24 to 60 years by maxing him out on all the burglary charges as well and I think we can see that if we look at the co-defendant here who's mr. Edwards who was convicted of two burglaries in the same series of burglaries that's involved in this case and the judge specifically said I'm not associating the arson with mr. Edwards and then she actually followed the recommendation of the prosecutor and he on each of those burglaries the two counts he got 72 months as the maximum he got 24 to 72 on the first one 16 to 72 months on the second one and so he he was given a much more lenient or a less severe sentence for basically the same burglary charges and so we can see that it was her disposition against arson that caused her to max him out and basically punish him as though he had committed a murder you know in Nevada you would get one of the sentences of 20 to 50 years for murder and she gave him 24 to 60 years and by saying these things by saying why why isn't this attempted murder she is also taking on an inappropriate prosecutorial role which this court has said is inappropriate in crater versus Galazza and she also does that again at the end of the hearing when she says you know the defense counsel asked if the mental health evaluation can be sent to the prison for classification and she makes an affirmative recommendation without the suggestion of the state to say I also want to send the state sentencing memo so that the prison and the parole board can educate themselves about mr. Patterson and and what the state said about him being manipulative and so that also was very inappropriate to take on that position and basically ask for more punishment for mr. Patterson also were you going to address the ineffective assistance of counsel claim yes trial counsel was also ineffective because he submitted mr. Patterson's juvenile arrest history to the court at sentencing in the mental health evaluation and that information was otherwise not in the record and it was not helpful to mr. Patterson this was especially likely to be harmful because it included two prior arrests for arson which was obviously the most serious conviction that he was facing and it wasn't reasonable I first want to address the issue of whether or not this was strategic and it was not in the state evidentiary hearing defense counsel said he strategically wanted to portray the whole picture of mr. Patterson and humanize him and first of all I think it's it's hard to think of a case where submitting additional criminal history is going to be helpful to your client and for a strategy to be owed deference it has to be reasonable and that was not reasonable especially not in this case but second a strategy is only owed deference if it's made after reasonable investigation and here he submitted this information it seems that he inadvertently submitted it or didn't know it was there first of all because when the court you know the court quickly focused on this and asked about it and he didn't know where it was in the record and then he hadn't verified that information with mr. Patterson he did not have the details of those arrests if he really was trying to contextualize this he needed to know the facts of these arrests and mr. Patterson had to tell him in open court this was just an old truck in the desert so if this was a strategy it was not made after reasonable investigation because he didn't provide that context and basically by submitting that information he made mr. Patterson look like he'd been a serial arsonist for almost ten years without that information you know the court was likely any court would be likely to consider that as a negative factor and there was no benefit to submitting that information so if he hadn't submitted that information it wouldn't have really made it into the record because juvenile records are automatically sealed when a person turns 21 and mr. Patterson was 22 so that was not records that the state could have just gotten and submitted to the court they would have had to petition the juvenile court to unseal those records and that would not have been mandatory for the court it's the statute says that they may unseal that record for based on prosecutors request so that's not evidence that otherwise would have been in the record it prejudiced mr. Patterson because the focus on it and it put him in a worse position in a worse light for the court and it's likely that that resulted in a more serious sentence and if the court has no additional questions I'll reserve the rest of my time for good morning your honors may it please the court deputy attorney general Leslie Heeler representing the respondents Pelley's in this matter respondents asked this court to affirm the district court's order and deny Patterson habeas relief first although the district court ultimately decided on ground 1a correctly they did they went and stated that Patterson overcame the procedural default of 1a the district court separated 1a and ground 1b into two separate ineffective assistance of counsel claims they were both based on the judicial bias but the district court stated that they claim that the post-conviction counsel was ineffective in regards to ground 1a and not in ground 1b the third claim is the ineffective assistance of counsel claim regarding the mental health evaluation and that is owed at the deference and unless you have any questions regarding the third claim I'd like to begin with procedurally barred claims in this court Patterson attempts to change the bias claim the judicial bias they claim that the judge was biased against Patterson himself whereas in the district court they claimed that the judicial bias was against the crime of arson that was not argued in the district court they alleged that the sentencing judge was biased based on the remarks regarding arson and attempted murder the respondents believe that the procedural default was decided incorrectly their reasoning was flawed it does not overcome the procedural default only because the state district court granted relief on the ineffective assistance of counsel claim regarding the judicial bias regarding the attempted murder reference the Nevada Supreme Court did reverse that due to procedural reasons but they referenced the Nevada Court of Appeals decision that stated that there was no judicial bias that the judge was not predisposed in citing the case the judge's comments regarding arson were based on the evidence presented at the sentencing hearing interpreted the tattoos to say that he had no soul and other negative comments was that based on the record it was in the pre-sentence investigation report she had no soul know the descriptions of the tattoos she read out the descriptions she extrapolated as to what those tattoos meant and what it represented about his personality and his predilections so how is that supported by the record the comments may have been improper but the trial counsel had been in front of this judge for many years five to six years at least before this case that he testified to at the evidentiary hearing trial counsel stated that interrupting the judge at that point would have pointed out possibly worse information and or pointed out worse information just to object on the record to the mischaracterizations if they were of his client how would that have led to worse trial counsel stated that he understood this judge to be when she was talkative that it was more favorable for the defendant so he let her speak and let her go through the the 19 burglaries that he had been charged with considering all the circumstances listening to all the mitigating evidence but also the aggravating evidence he in a very few short months after being released from prison committed these 19 burglaries attempted to set fire to one house then he did set a fire to a truck and then he set this elderly couple's house on fire he set the garage on fire but it would lead to the house he knew people were sleeping inside this house there were two cars in the driveway two cars in the garage under all those mitigating circumstances that was presented it was much more aggravating circumstances including the substance abuse allegation that he was trying to state was overcome by his jail phone calls and stating that he was malingering under the third claim regarding the at the deference the Nevada Supreme Court reasonably rejected Patterson's claim that trial counsel provided ineffective assistance of counsel by allowing Patterson's self-reported juvenile criminal history to appear in the mental health evaluation given to the sentencing judge it was not only in that mental health evaluation he admitted it to the police and was submitted by the prosecution and was submitted as our supplemental record and that's at one SER eight he admitted to the juvenile whether the trial counsel knew it was exactly in the mental health evaluation or in the prosecution sentencing memorandum it was before the sentencing judge if you don't have any other questions I yield my time appears not thank you your honors we ask that this court from the district court's order also would you address opposing counsel's representation that the juvenile arrest was in the record other than in the mental health evaluation yes your honor the reference was not to a specific arrest record there was a general statement said that you have a history the police said you have a history of arson and Patterson said I haven't done that since I was a juvenile that does not show that he had been actually arrested twice for arson and that's much more significant and the level of detail that was not otherwise there I do also want to address unless the court has additional questions about that point the claim that was that the Nevada Supreme Court referred to the direct appeal claim about bias that was not that is not law of the case on this issue because that direct appeal claim is not the same as the bias issue that's brought here the direct appeal claim was much more narrow it was about the court referring to Patterson Mr. Patterson as a sociopath based on his tattoos without any evidentiary support so that was a much more narrow claim than what we have here as far as this being a strategy not to object I think the more proper characterization of what defense counsel said was that it's not it's not always a bad thing when the judge is talkative but when we look here and the judge is saying I think that you should you know why weren't you charged with attempted murder this should be up there with murder and saying your client has no soul it's not a reasonable strategy to think that that is going to end in a favorable judgment so also judicial bias is a structural error so counsel would know if this judge is displaying bias that means the proceedings here are fundamentally unfair and it's not strategic to allow your client to proceed through a sentencing proceeding where his due process rights are being violated and there's not going to be fundamental fairness that will allow the result to be something we can believe is a fair a fair and just sentence so with that I would just ask that this court grant the writ and order Mr. Patterson a new sentencing hearing all right thank you counsel thank you to both counsel for your helpful audience cases argued is submitted for decision by the court
judges: RAWLINSON, MILLER, DESAI